# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| TENKASI VISWANATHAN, | ) |
| Plaintiff, | ) 2:15-cv-02015-RCJ-NJK |
| vs. | ) |
| MOVING USA INC. et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out of a botched residential move from North Carolina to Nevada. Pending before the Court is a motion to transfer venue or dismiss. The Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Tenkasi Viswanathan contracted with Defendant Moving USA Inc. ("MUI") to ship his household goods from North Carolina to Nevada. (*See* Compl. ¶ 9, ECF No. 1). The parties agreed to a price of $1,496 prior to the pick-up date of August 12, 2013 (after several price increases), but at the time of pickup the driver of the truck further increased the price to $2,200. (*Id.* ¶ 21). Due to the requirement to vacate the North Carolina residence by August 15, 2013, Plaintiff and his wife had no choice but to pay the overcharge of at least $400 to MUI. (*Id.*). MUI also failed to pick up all of Plaintiff's goods, causing Plaintiff's wife to abandon certain goods valued at $400 or more. (*Id.* ¶ 28).

Prior to the date of pick up, MUI had informed Plaintiff that insuring the goods was unnecessary as they were guaranteed against loss by MUI. (*Id.* ¶ 39).  On September 15, 2013 (after the pickup in North Carolina but before the delivery in Nevada), Plaintiff filed his overcharge claim with MUI, seeking a discount of $200. (*Id.* ¶ 26).  The bill of lading mentioned but did not expressly identify "the Carrier," nor did it provide the address of Defendant Moving On Up Inc. ("MOUI"), which Plaintiff believes may have performed the move as MUI's subcontractor. (*See id.* ¶¶ 6, 38).  This lack of identification of "the Carrier" has prevented Plaintiff from timely filing claims, as Plaintiff was required to file his claims with "the Carrier" in order to receive reimbursement for lost and/or damaged items. (*Id.* ¶ 42).

Although the parties agreed for the shipment to be delivered in Las Vegas, Nevada by the end of August 2013, the shipment was not delivered until October 19, 2013. (*Id.* ¶¶ 11–12).  Upon delivery, it was noticed that a suitcase and twelve cardboard boxes of goods valued at more than $1,140 had been lost. (*Id.* ¶ 12).  The shipment also arrived with a damaged refrigerator and a damaged and unrepairable buffet table, with a total estimated replacement value of $1,020. (*Id.* ¶ 13).  The shipment also arrived with some boxes bearing two identification labels (although they had only one label upon pick up), resulting in double-counting of charges for those boxes. (*See id.* ¶ 22).

On November 1, 2013, Plaintiff submitted another claim to MUI for $1,900, including photographs of the damaged buffet table. (*Id.* ¶ 14).  On November 2, 2013, Plaintiff submitted a lower estimate for $1,590. (*Id.*).  MUI did not respond. (*Id.* ¶ 16).  Plaintiff renewed his claims in a July 9, 2014 letter to both MUI and MOUI, seeking $1,640. (*Id.* ¶ 17).  Neither Defendant responded. (*Id.* ¶ 18).  Plaintiff acquired the services of a Florida attorney, who sent a demand

letter to both MUI and MOUI, asserting a claim of $2,160, reflecting market prices of the lost and damaged goods. (*Id.* ¶ 19).  Neither Defendant responded. (*Id.* ¶ 20).

Plaintiff sued MUI, MOUI, Haim Shalem, and Tal Lavie in state court for: (1) violations of the Carmack Amendment, 49 U.S.C. § 14706; (2) negligence; (3) "overcharging"; (4) fraud; (5) nuisance; and (6) intentional infliction of emotional distress.  Defendants have moved to transfer or dismiss for improper venue.

## II.    LEGAL STANDARDS

A party may move for dismissal for improper venue. Fed. R. Civ. P. 12(b)(3).  In such a case, the well-pleaded allegations of the complaint are taken as true, and any evidence submitted by the non-movant in opposition to the Rule 12(b)(3) motion is viewed in the light most favorable to the non-movant. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).  Whether venue lies in a particular district is governed in the first instance by 28 U.S.C. § 1391:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  The three subsections of § 1391(b) are disjunctive; venue lies if any of these subsections is satisfied for a given district.  A court determining that venue is improper must dismiss the case or transfer it to a district where venue properly lies. 28 U.S.C. § 1406(a).  Furthermore, under 28 U.S.C. § 1404(a), a district court may "in the interest of justice" transfer a

case to any other district where venue lies "[f]or the convenience of parties and witnesses" even if venue is proper in the original district under § 1391. *Id.* § 1404(a).

"Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).  The other limited exceptions to enforcement occur where the forum is so "gravely difficult and inconvenient" that it is essentially no forum at all, or where enforcement of the clause will contravene a strong public policy of the forum. *Argueta v. Banco Mexicano, S.A* ., 87 F.3d 320, 325 (9th Cir. 1996).

## III.    ANALYSIS

The dispute here is whether the phrase "agree to submit to" in the applicable forum selection clause constitutes mandatory or permissive language. (*See* Bill of Lading § 7, fourth unnumbered paragraph, ECF No. 17, at 6).  To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one.  For example, language such as "this Agreement shall be litigated *only in* the Superior Court for Los Angeles, California (*and in no other*)" is deemed exclusive. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275 (9th Cir. 1984) (emphases added).  In addition, in *Docksider, Ltd. v. Sea Technology, Ltd.*, the Court of Appeals held that a clause was rendered mandatory by the inclusion of the additional language, "venue of any action brought hereunder *shall be deemed to be in* Gloucester County, Virginia." 875 F.2d 762, 764 (9th Cir. 1989) (emphasis added).  By contrast, courts typically find that forum selection clauses containing "submit to" or similar language are permissive, not mandatory. *See, e.g.*, *Redondo Constr. Corp. v. Banco Exterior de Espana, S.A.*,

11 F.3d 3, 5–6 (1st Cir. 1993) ("expressly submits to" found permissive); *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974) ("submit to" found permissive); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 58 (S.D.N.Y. 2001) ("will submit to" found permissive); *Raspino v. JRL Enterprises, Inc.*, No. CIV.A.01-1720, 2001 WL 845455, at *2 (E.D. La. July 25, 2001) ("agree to submit to" found permissive); *Cummings v. Caribe Marketing & Sales Co.*, 959 F. Supp. 560, 563–65 (D.P.R. 1997) ("agrees to submit to" found permissive); *Guy F. Atkinson Constr., A Div. of Guy F. Atkinson Co. v. Ohio Mun. Elec. Generation Agency Joint Venture 5*, 943 F. Supp. 626, 628–29 (S.D.W. Va. 1996) ("submit to" found permissive); *S.K. & Co., Inc. v. The Legacy Grp. of Am., Inc.*, No. 95 Civ. 6748(HB), 1996 WL 5072, at *1 (S.D.N.Y. Jan. 5, 1996) ("agree to submit to" found permissive).  Where there is additional language indicating exclusivity, "agree to submit to" has been found to be mandatory. *See Leong v. Myspace, Inc.*, No. CV 10-8366 AHM EX, 2011 WL 7808208, at *5 (C.D. Cal. Mar. 11, 2011) ("agree to submit to the exclusive jurisdiction" found mandatory).

In this case, the bill of lading states that the parties "*agree to submit to* the personal jurisdiction and venue of a court of subject matter jurisdiction located in Broward County, State of Florida." (Bill of Lading § 7, fourth unnumbered paragraph) (emphasis added).  The bill of lading includes no additional exclusive language.  The absence of any language suggesting exclusivity indicates the clause is permissive, not mandatory.  The language "agree to submit to" means that both parties consent to jurisdiction and venue in Broward County, Florida, but that consent does not exclude litigation in other courts.

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Transfer Venue or Dismiss (ECF No. 17) is DENIED.

IT IS SO ORDERED.

DATED: This 7th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge