# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| TENKASI VISWANATHAN, | ) ) ) | |
| Plaintiff, | ) ) | 2:15-cv-02015-RCJ-NJK |
| vs. | ) ) | **ORDER** |
| MOVING USA INC. et al., | ) ) | |
| Defendants. | ) ) ) | |

This case arises out of a botched residential move from North Carolina to Nevada. Pending before the Court is a Motion to Dismiss (ECF No. 29). The Court grants the motion.

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff Tenkasi Viswanathan contracted with Defendant Moving USA Inc. ("Moving USA") to ship his household goods from North Carolina to Nevada. (*See* Compl. ¶ 9, ECF No. 1). The parties agreed to a price of $1,496 prior to the pick-up date of August 12, 2013 (after several price increases), but at the time of pickup the driver of the truck further increased the price to $2,200. (*Id.* ¶ 21). Due to the requirement to vacate the North Carolina residence by August 15, 2013, Plaintiff and his wife had no choice but to pay the overcharge of at least $400 to Moving USA. (*Id.*). Moving USA also failed to pick up all of Plaintiff's goods, causing Plaintiff's wife to abandon certain goods valued at $400 or more. (*Id.* ¶ 28).

Prior to the date of pick up, Moving USA had informed Plaintiff that insuring the goods was unnecessary as they were guaranteed against loss by Moving USA. (*Id.* ¶ 39). On September 15, 2013 (after the pickup in North Carolina but before the delivery in Nevada), Plaintiff filed his overcharge claim with Moving USA, seeking a discount of $200. (*Id.* ¶ 26). The bill of lading mentioned but did not expressly identify "the Carrier," nor did it provide the address of Defendant Moving On Up Inc. ("Moving On Up"), which Plaintiff believes may have performed the move as Moving USA's subcontractor. (*Id.* ¶¶ 6, 38). This lack of identification of "the Carrier" has prevented Plaintiff from timely filing claims, as Plaintiff was required to file his claims with "the Carrier" in order to receive reimbursement for lost and/or damaged items. (*Id.* ¶ 42).

Although the parties agreed for the shipment to be delivered in Las Vegas, Nevada by the end of August 2013, the shipment was not delivered until October 19, 2013. (*Id.* ¶¶ 11–12). Upon delivery, it was noticed that a suitcase and twelve cardboard boxes of goods valued at more than $1,140 had been lost. (*Id.* ¶ 12). The shipment also arrived with a damaged refrigerator and a damaged and unrepairable buffet table, with a total estimated replacement value of $1,020. (*Id.* ¶ 13). The shipment also arrived with some boxes bearing two identification labels (although they had only one label upon pick up), resulting in double-counting of charges for those boxes. (*Id.* ¶ 22).

On November 1, 2013, Plaintiff submitted another claim to Moving USA for $1,900, including photographs of the damaged buffet table. (*Id.* ¶ 14). On November 2, 2013, Plaintiff submitted a lower estimate for $1,590. (*Id.*). Moving USA did not respond. (*Id.* ¶ 16). Plaintiff renewed his claims in a July 9, 2014 letter to both Moving USA and Moving On Up, seeking $1,640. (*Id.* ¶ 17). Neither Defendant responded. (*Id.* ¶ 18). Plaintiff acquired the services of a

Florida attorney, who sent a demand letter to both Moving USA and Moving On Up, asserting a claim of $2,160, reflecting market prices of the lost and damaged goods. (*Id.* ¶ 19). Neither Defendant responded. (*Id.* ¶ 20).

Plaintiff sued Moving USA, Moving On Up, Haim Shalem, and Tal Lavie in state court for: (1) violations of the Carmack Amendment, 49 U.S.C. § 14706; (2) negligence; (3) "overcharging"; (4) fraud; (5) nuisance; and (6) intentional infliction of emotional distress.[1] Defendants filed a motion to transfer or dismiss for improper venue, which the Court denied. Defendants Moving On Up and Tale Lavie now move the Court to dismiss the case for failure to state a claim. Defendants Moving USA and Haim Shalem join in the motion.

## II.     MOTION TO EXTEND TIME

Plaintiff moves the Court for an extension of time to file his response to the motion to dismiss because of confusion regarding the nature of the motion. Defendants filed their motion to dismiss after filing answers to the Complaint and after filing a prior motion to change venue or, alternatively, to dismiss, which the Court denied. A motion asserting a defense under Rule 12(b)(6) must be made before a responsive pleading. *See* Fed. R. Civ. P. 12(b). Also, Rule 12(g)(2) prohibits a defendant from raising a defense in a subsequent Rule 12(b) motion if the defendant could have raised the defense in an earlier motion. However, Rule 12(g)(2) provides an exception allowing a defendant to use Rule 12(h)(2)(B) to raise the defense of failure to state a claim by motion under Rule 12(c), even if the defendant failed to raise the defense in an earlier motion. Thus, the Court will construe Defendants' motion as a motion for judgment on the

---

[1] In the Complaint, this claim is included as part of claim 5.

1   pleadings under Rule 12(c),[2] *see Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980), and also

2   grant Plaintiff's motion for an extension of time due to the confusing nature of the motion.

3   **III.     MOTION FOR JUDGMENT ON THE PLEADINGS**

4          **A.     Legal Standards**

5          "After the pleadings are closed—but early enough not to delay trial—a party may move

6   for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c)

7   motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler*

8   *Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of

9   filing. . . . [T]he motions are functionally identical . . . .").

10         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

11  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

12  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

13  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

14  that fails to state a claim upon which relief can be granted. When considering a motion to dismiss

15  under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint

16  does not give the defendant fair notice of a legally cognizable claim and the grounds on which it

17  rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the

18  complaint is sufficient to state a claim, the court will take all material allegations as true and

19  construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d

20  896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are

21

22

23  _____

    [2] Rule 12(d) requires the Court to treat a Rule 12(b)(6) or 12(c) motion as one for summary
    judgment when a party presents matters outside the pleadings. This rule does not apply here
24  because Defendants do not present any matters outside the pleadings.

merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-Iqbal* review).

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Yet *pro se* litigants are still "bound by the rules of procedure." *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995). And where the litigant fails to follow rules of procedure, the case may be properly dismissed. *Id.*

**B.    Analysis**

Defendants argue that the Court should dismiss Plaintiff's state law claims because the Carmack Amendment ("Carmack") preempts those claims. The Ninth Circuit has held that "the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property," as well as delay and failure to deliver. *Hall v. N. Am. Van Lines, Inc*, 476 F.3d 683, 688 (9th Cir. 2007). Carmack is also a complete defense to common

law claims alleging "all manner of harms," even if the claims arise from events other than loss or damage to property. *Id.* at 689–90. Plaintiff appears to argue that Carmack does not preempt claim 4 because it does not arise out of the loss and damage to his goods.[3] However, Plaintiff does not dispute that Carmack preempts claims 2, 3, and 5; instead, he requests leave to amend the Complaint to modify them. Even though Plaintiff does not dispute that Carmack preempts several of his state law claims, the Court will address each claim in turn for the sake of clarity.

In claim 2, Plaintiff alleges negligence and failure to transport. "The Carmack Amendment constitutes a complete defense to common law claims against interstate carriers for negligence," *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008), and it preempts contract claims alleging "failure to deliver," *Hall*, 476 F.3d at 688, which is synonymous with failure to transport. Carmack is a defense to claim 2 and preempts it.

In claim 3, Plaintiff alleges that Defendants overcharged him. Carmack is a defense to claims of "improper billing/overcharging." *White*, 543 F.3d at 584–85; *see also Hall*, 476 F.3d at 688 (the "Carmack Amendment completely preempts 'state law claims seeking to recover damages for charging an improper rate for transporting the goods'" (quoting *Duerrmeyer v. Alamo Moving & Storage One, Corp.*, 49 F. Supp. 2d 934, 936 (W.D. Tex. 1999))). Carmack preempts claim 3.

In claim 4, Plaintiff alleges that Defendants double labeled the boxes and made omissions related to the delivery of his property. (*See* Compl. ¶¶ 66–68). According to the Ninth Circuit, "[Carmack] applies equally to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery." *Hall*, 476 F.3d at 689; *see also White*, 543 F.3d at 584–85 (holding that Carmack is a complete defense to

---

[3] Plaintiff also requests leave to amend to add a cause of action under federal law.

possible claims of fraud/forgery and improper billing/overcharging). Carmack is a defense to claim 4.

In claim 5, Plaintiff alleges nuisance and intentional infliction of emotional distress. As Plaintiff notes in his Complaint, Nevada law defines nuisance as "an obstruction to the free use of property," NRS 40.140, which is essentially the loss of the use of property. Carmack preempts claims alleging loss or damage to property, *see Hall*, 476 F.3d at 688; thus, Plaintiff's nuisance claim is preempted. In addition, "the Carmack Amendment preempts a claim for intentional infliction of emotional distress to the extent that it arises from the same conduct as the claims for delay, loss or damage to shipped property." *White*, 543 F.3d at 586. Plaintiff alleges that the nuisance and emotional distress were caused by an eight week delay in the delivery of his property, the deprivation of his books, notes, Sanskrit translations, and cooking pans, and Defendants' "non-communication and miscommunication, suppression of crucial information, [and] unaccountability." (Compl. ¶¶ 71–74). These allegations all arise from the same conduct as his claims of delay, loss, and damage to the shipped property; thus, Plaintiff's claim of intentional infliction of emotional distress is also preempted. Carmack preempts claim 5.

Finally, Plaintiff argues that the Court should not dismiss the state law claims because Moving USA and Moving On Up have not proven that they are motor carriers to which Carmack is applicable. However, Plaintiff alleges in the Complaint that Moving USA "is licensed to do business as an Interstate Motor Transport Carrier of household goods." (Compl. ¶ 5). Plaintiff also alleges that "[t]he Bill of Lading issued by Defendant Moving USA mentions Moving On Up as 'The Carrier,'" (*id.* ¶ 6), and Moving On Up admits that it is a motor carrier of household goods, (*see* Reply, 2, ECF No. 39). In other words, Plaintiff alleges that both Moving USA and Moving On Up were involved in transporting his property across state lines. Moreover, Carmack

"is the exclusive cause of action for interstate-shipping contract claims," *Hall*, 476 F.3d at 688, which is a precise description of Plaintiff's claims. As a result, Carmack applies to all claims and all Defendants, and nothing prevents the Court from dismissing Plaintiff's state law claims at this stage of the case. *See Arnell v. Mayflower Transit, Inc.*, 968 F. Supp. 521, 523–24 (D. Nev. 1997) (dismissing state law claims for failure to state a claim based on preemption by Carmack).

The Carmack Amendment preempts all of Plaintiff's state law claims. The Court grants the motion and, therefore, dismisses claims 2, 3, 4, and 5, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 29) (construed as a Motion for Judgment on the Pleadings) is GRANTED, with leave to amend the Complaint within 30 days of the date of this order.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 33) is GRANTED.

IT IS SO ORDERED.

DATED: This 29th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge